

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-24-2009

# Mikula v. Allegheny

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4023

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Mikula v. Allegheny" (2009). *2009 Decisions*. Paper 1703.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1703

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-4023
_____

MARY LOU MIKULA,
                                        Appellant

v.

ALLEGHENY COUNTY OF PENNSYLVANIA

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 06-cv-01630)
District Judge:  Honorable Arthur J. Schwab

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)

Before: Barry, Smith and Garth, <u>Circuit</u> <u>Judges</u>
MARCH 10, 2009

(Opinion filed: March 24, 2009 )

_____

OPINION
_____

PER CURIAM

        Appellant Mary Lou Mikula appeals pro se from the District Court's order

granting the defendant's motion for summary judgment as to her employment

discrimination action.  For the following reasons, we will affirm in part, vacate in part,

and remand the matter for further proceedings.

I.

Mikula brought this lawsuit against her employer, Allegheny County ("the County"), alleging that it discriminated against her on the basis of gender by failing to give her a pay raise in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(b) ("Title VII"), and by paying her less than a male employee who performed substantially equal work in violation of the Equal Pay Act of 1963, 29 U.S.C. § 206(d) ("EPA").

Mikula was hired as the grants coordinator for the Allegheny County Police Department on March 19, 2001. Her position gave her "responsibility for the complete financial management of grant funds, as well as grant compliance, project oversight, grant closeout, and grant audits." She was responsible for grants that ranged from $1 to $3 million dollars per year. After starting at a salary of $35,500 per year, Mikula received a six-month performance increase that raised her salary to $38,110 per year. She received two additional raises—a three-percent merit raise in July 2003 and a police civilians' raise in March 2006. The 2006 pay increase brought her salary to $40,429 per year.

On September 10, 2004, Mikula drafted a memorandum to Police Superintendent, Charles Moffatt, requesting that her job title be changed to "Grants and Project Manager" and that her salary be increased "to be equal or greater than our Fiscal Manager [Ed Przbyla]." Przbyla's salary was approximately $7,000 per year higher than was Mikula's.

Mikula believed that the change in job title and salary increase were necessary to "conform to the duties that [she] routinely perform[ed]." Although Moffatt forwarded the request to the Human Resources department, Mikula never received a response.

In October 2005, Mikula again lobbied for a salary increase and a change in job title, and the following month she told a Human Resources employee that "she was not paid enough for what she did." In March 2006, she filed a complaint with the County's Human Resources department complaining of gender and age discrimination. The complaint asserted, among other things, that a comparative male employee was paid $7,000 more than she was paid and that the discrimination started at the time she was hired. In March 2006, Mikula also filed the current cause of action, which, at that time, included only an EPA claim.

Meanwhile, on August 23, 2006, Mikula received a letter from the County's Human Resources department informing her it had concluded that her allegations of discrimination were unfounded and that her "current title and rate of pay are fair when compared with similar jobs." Thereafter, on April 17, 2007, Mikula filed a charge with the Equal Employment Opportunity Commission ("EEOC") claiming that the County violated Title VII by paying her less than a male in her position would receive. After receiving a right-to-sue letter, she amended her District Court complaint to include a Title VII claim.

Mikula's lawsuit revolves around her contention that the County should have paid

her as much as, or more than, it paid Przbyla. Przbyla was hired by the County in 1986 as a sergeant at the County jail. He became the fiscal manager of the Allegheny County Police in 1989. This position gave Przbyla responsibility over an operating budget that was, in 2004, $21 million and, in 2006, $23 million. His position entails, among other things, formulating and managing the operating budget and collaborating with the Budget Office to prepare a projection of future budget needs. In 1989, Przbyla's salary was $31,620 per year. He received various raises over the years, including a 9.2% increase in 2002. He also received the same 3% merit raise in 2003 and police civilians' raise in March 2006 as did Mikula. In March 2006, Przbyla's salary was $47,740 per year.

The District Court granted the County's motion for summary judgment. Relying on Ledbetter v. Goodyear Tire & Rubber Co., 127 S.Ct. 2162 (2007), superceded by statute, Lily Ledbetter Fair Pay Act of 2009, Pub. L. No. 111-2, amending 42 U.S.C. § 2000e-5(e) (Jan. 29, 2009) ("Fair Pay Act"), the District Court found that Mikula's Title VII claim was not timely filed. Addressing the merits of Mikula's EPA claim, the District Court held that Mikula failed to establish a prima facie case because she could not demonstrate that she and Przbyla performed substantially equal work. The District Court held that, even if their work was substantially equal, the County succeeded in establishing that the pay disparity was based on a "factor other than sex." 29 U.S.C. § 206(d)(iv). Mikula timely appealed.

4

II.

We have jurisdiction under 28 U.S.C. § 1291, and our review of the District Court's grant of summary judgment is plenary. Saldana v. Kmart Corp., 260 F.3d 228, 231 (3d Cir. 2001). Summary judgment is appropriate only when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). We resolve all factual doubts and draw all reasonable inferences in favor of the nonmoving party. DL Res., Inc. v. FirstEnergy Solutions Corp., 506 F.3d 206, 216 (3d Cir. 2007).

Title VII requires a claimant in Pennsylvania to file a charge with the EEOC within 300 days of the allegedly unlawful employment practice. 42 U.S.C. § 2000e-5(e)(1); Watson v. Eastman Kodak Co., 235 F.3d 851, 854-55 (3d Cir. 2000). Accordingly, because Mikula filed her EEOC charge on April 17, 2007, any challenged acts that occurred before June 20, 2006 are time-barred. Mikula argues that the August 23, 2006 letter from Human Resources constitutes an actionable, discrete pay decision that falls within the 300 day time limitation. This argument fails.

Although a "free standing violation" of Title VII may be charged "within its own charging period," Ledbetter, 127 S.Ct. at 2174, the County did not, as Mikula argues, make a pay decision in its August 23rd letter. It merely provided Mikula with the result of its investigation into her discrimination complaint. Mikula's requests for a raise went unanswered in 2004 and in 2005. These incidents are the allegedly discriminatory acts of

5

which she complains.[1]  However, because these events all occurred more than 300 days before Mikula filed her EEOC charge, her Title VII claim is time-barred.[2]

We next review the merits of Mikula's EPA claim.  To establish a prima facie case under the EPA, a plaintiff must demonstrate "that employees of the opposite sex were paid differently for performing 'equal work'—work of substantially equal skill, effort, and responsibility, under similar working conditions."  Stanziale v. Jargowsky, 200 F.3d 101, 107 (3d Cir. 2000).  The crucial finding in this analysis is whether the comparable jobs "have a 'common core' of tasks, *i.e.*, whether a significant portion of the two jobs is identical."  Brobst v. Columbus Servs. Int'l, 761 F.2d 148, 156 (3d Cir. 1985).  If the jobs share a common core of tasks, the court then inquires as to "whether the differing or additional tasks make the work substantially different."  Id.  And "[g]iven the fact intensive nature of the inquiry, summary judgment will often be inappropriate" in EPA actions.  Id.

The District Court assumed that Mikula's and Przbyla's positions entailed a "common core of tasks" but then concluded that the additional duties which Mikula

---

[1]    The newly enacted Fair Pay Act, which supercedes Ledbetter, 127 S.Ct. 2162, does not change the result reached in this opinion.  Application of the Fair Pay Act requires the *adoption* of a discriminatory compensation decision rather than, as in this case, a *request for a raise* that was never answered.  42 U.S.C. § 2000e-5(e)(3)(A) (as amended).

[2]    Mikula now argues that Title VII's statute of limitation should be equitably tolled.  Because, however, she did not raise this issue before the District Court, the argument is waived.  Brown v. Philip Morris Inc., 250 F.3d 789, 799 (3d Cir. 2001).

6

claimed to perform necessarily made the work substantially different.[3]  The District Court's analysis is flawed, as additional duties performed by a plaintiff will not necessarily make her work substantially different from her comparator's.  29 C.F.R. § 1620.14(b) (When "an employee of one sex [Mikula] is required to perform some duty or duties involving a higher skill which an employee of the other sex [Przbyla] is not required to perform, the fact that the duties are different in this respect is insufficient to remove the jobs from the application of the equal pay standard if it also appears that the employer is paying a lower wage to the employee performing the additional duties. . . ."); Hein v. Or. Coll. of Ed., 718 F.2d 910, 917 (9th Cir. 1983); Brinkley-Obu v. Hughes Training, Inc., 36 F.3d 336, 342 n.12 (4th Cir. 1994).  As explained in Hein, "[i]f an individual's [EPA] claim could be defeated by showing that the plaintiff has additional duties that are not performed by employees of the opposite sex, employers could easily subvert the intent of the Act by assigning additional duties to potential plaintiffs."  718 F.3d at 917.  The District Court erred in concluding that Mikula did not establish a prima facie case based on this reasoning.

The parties in this case disagree as to whether Mikula's "additional" duties were sufficiently divergent from those of Przbyla so as to defeat Mikula's prima facie case, or

---

[3]  We note that, in its appellate brief, the County argues only that the District Court correctly decided that Mikula's additional duties made her job substantially different than Przbyla's.  It did not assert that the jobs did not share a common core of tasks.

7

whether the disparities fall within the ambit of 29 C.F.R. § 1620.14(b). Indeed, Mikula argues that Przbyla performs all of the additional duties that she performed, save for writing grant proposals. (Mikula's Br. at 5.) This conflict is a factual dispute centered upon the additional job functions of the parties. We have held that "[g]iven the fact intensive nature of the inquiry, summary judgment will often be inappropriate" in EPA actions. Brobst, 761 F.2d at 156. We thus hold that the District Court erred by concluding that Mikula did not establish a prima facie case.

Because the District Court addressed the County's affirmative defenses—and because we are remanding this matter—we will address them as well. The District Court determined that, even if Mikula had established a prima facie case, the County demonstrated that the pay differential was based on a factor other than sex. See 29 U.S.C. § 206(d)(1). In EPA cases, upon satisfaction of plaintiff's prima facie case, the burden of persuasion shifts to the employer to demonstrate the applicability of one of four affirmative defenses. Stanziale, 200 F.3d at 107. The affirmative defenses require the defendant to demonstrate that the pay differential derives from: (1) a bona fide seniority system, (2) a merit system, (3) a system which measures earnings by quantity or quality of production, or (4) a factor other than sex. 29 U.S.C. § 206(d)(i)-(iv). To prevail on summary judgment, "the employer must prove at least one affirmative defense so clearly that no rational jury could find to the contrary." Stanziale, 200 F.3d at 107 (internal citation and quotation omitted). The employer must submit evidence that not only "*could*

8

explain the wage disparity, but that the proffered reasons *do in fact* explain the wage disparity." Id. at 108 (emphasis in original).

The County relies on Przbyla's length of employment as an affirmative defense, arguing that the pay differential between Mikula and Przbyla derived from a "factor other than sex." 29 U.S.C. § 206(d)(1)(iv). It cited to Superintendent Moffatt's deposition testimony in which he stated that "the main reason [that Przbyla is paid more] is his responsibilities is greater just by the fact that the amount of the budget is many, many times higher than Ms. Mikula and the fact that he has been there for a great deal of time." The County then asserted that Mikula had also received pay increases due to her length of employment. The District Court reasoned that Mikula did not dispute that Przbyla had been a County employee for longer than she, and, on those facts, determined that the County had established that the pay differential was based on a factor other than sex.[4]

The County made it clear that it did not claim to have a bona fide seniority system. See 29 U.S.C. § 206(d)(i). We have doubts as to whether an employer can appropriately assert an affirmative defense based on longevity without demonstrating that it employs a

---

[4] The District Court also determined that Przbyla's overseeing a much greater amount of money than did Mikula constituted a "factor other than sex" that explained the pay differential. The County did not, however, raise this as an affirmative defense in its summary judgment motion or in its brief in support thereof. (See J.A. 74, 86.) Because 29 U.S.C. § 206(d) requires the employer to bear the burden of proving that its wage disparity was justified by one of the affirmative defenses, the District Court erred by determining that the County was justified in paying Mikula less than Przbyla because the grant budget was less than the fiscal budget.

9

seniority system. We need not, however, reach that issue here because the County did not establish that the pay disparity was actually based on Przbyla's length of employment. The only evidence that the County provided was the less than unequivocal testimony of Moffatt and the fact that both Przbyla and Mikula have received occasional raises. The record, though, does not demonstrate that any of the raises that Przbyla received were based on his length of service. Furthermore, there is nothing in the record indicating that the County rewards its employees for length of service. Thus, we cannot agree with the District Court that the County met its burden of proving that Przbyla's greater length of service actually motivated the disparity in wages.

For the reasons stated above, we will affirm in part and vacate in part the District Court's judgment, and we will remand the matter for further proceedings focused on whether Mikula stated a prima facie claim for violation of the EPA and whether the County has met its burden of proving its affirmative defenses. The defendant having filed no opposition, Mikula's Motion to Correct the Record is granted.